UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                :
ZSC NYACK HOTEL FUND LLC, *et al.*,             :
                                                :    23 Civ. 3588 (PAE)
                              Plaintiffs,       :
                                                :    ORDER
            -v-                                 :
                                                :
DUVAL & STACHENFELD, LLP, *et al.*,             :
                                                :
                              Defendants.       :
                                                :
------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

On April 28, 2023, plaintiffs filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. On review, it appears to the Court that plaintiffs are limited liability companies ("LLC"). The citizenship of an LLC is the citizenship of each of its constituent members. While the complaint alleges that plaintiffs are organized under the laws of Delaware, and have their principal places of business in New Jersey, the complaint does not also allege the citizenship of the LLC's members. *Id.* ¶¶ 1–5.

To enable the Court to determine whether there is diversity of citizenship, plaintiffs must therefore file an amended complaint, which must allege (1) the citizenship of natural persons who are members of the LLCs and (2) the place of incorporation and principal place of business of any corporate entities who are members of the LLCs. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). If plaintiffs are unable to amend the complaint to allege truthfully complete

1

diversity based upon the citizenship of each constituent person or entity of the LLCs, then the complaint will be dismissed, without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). To enable the Court to determine whether there is diversity of citizenship, plaintiffs must therefore file an amended complaint.

Accordingly, in the interests of justice, the Court grants plaintiffs leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) to allege the citizenships of all members of the LLCs in this case by May 16, 2023.

SO ORDERED.

                                                                                   _____
                                                                                   Paul A. Engelmayer
                                                                                   United States District Judge

Dated: May 2, 2023
            New York, New York